**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**Petition of TONY DePAUL & SON. No. 70–347.**

United States District Court, E. D. Pennsylvania.

Dec. 5, 1975.

---

2. PennDOT's letter to this Court dated May 7, 1973.

Carl Helmetag, Jr., Philadelphia, Pa., for the trustees, Penn Cent. Transportation Co.

Harry P. Voldow, Glenside, Pa., for Tony DePaul & Son.

Gratz, Tate, Spiegel, Ervin & Ruthrauff by Spencer Ervin, Jr., Philadelphia, Pa., for Richard Joyce Smith, Trustee, New York, New Haven & Hartford Railroad Co.

### MEMORANDUM AND ORDER
### NO. 2115

FULLAM, District Judge.

In June of 1971, the petitioner ("Tony DePaul") contracted with the City of Philadelphia to furnish labor and materials for a sidewalk and roadway paving project on Delaware Avenue in South Philadelphia. The improvement project was completed in June of 1972. The City sought to compensate petitioner for the services rendered by issuing Tony DePaul assessment bills against the Debtor, as owner of the property abutting the improvements.

Thereafter, petitioner filed municipal liens against the Debtor based on the assessment bills, and the Court of Common Pleas held that the municipal liens filed by the Use-Plaintiff were valid and binding under the authority of the

Municipal Claims Act of May 16, 1923, P.L. 207, § 4. Judgment was entered in favor of Tony DePaul and against the Debtor in the amount of $15,635.37, representing the aggregate sum of the municipal liens assigned to petitioner by the City of Philadelphia.

The present petition was filed in response to the Trustees' refusal to satisfy this outstanding judgment. The petitioner seeks an order compelling the Trustees to pay the judgment. The Trustees are resisting payment pursuant to the authority conferred to them by Paragraph 3(A) of Order No. 1 in these proceedings. That provision authorizes the Trustees, in their discretion, to "pay all or any [assessments], in whole or in part, without limiting the generality thereof, and to adjust or compromise the same."

■ Obviously, the above-quoted provisions of Order No. 1 vest the Trustees with the discretionary power to refuse to pay municipal assessments and other governmental charges. In fact, the Trustees have deferred payment of all such expenses since August 24, 1970.[1] The policy considerations which support the provisions of Paragraph 3(A) of Order No. 1 are analogous to those underlying § 77(c)(2) of the Bankruptcy Act (11 U.S.C. § 205(c)(2). Section 77 (c)(2) provides that trustees in reorganization are not bound to comply with orders of state regulatory agencies which require the expenditure of the debtor's funds, unless the reorganization court finds that "extraordinary circumstances" warrant compliance with the order. The purpose of § 77(c)(2), and of Paragraph 3(A)(2) of Order No. 1, is to insure that the Debtor's estate is not depleted by forced compliance with governmental maintenance programs, in the absence of a showing that such expenditures are really necessary for the protection of

the public safety. In order to continue operating the Penn Central system for the public benefit, especially in light of the Debtor's precarious financial condition, the Trustees must be given broad leeway to avoid capital expenditures which are not absolutely necessary. See Memoranda and Orders Nos. 1649 and 1653.

■ Here, neither the petition itself nor the evidence introduced in support of the petition justifies the conclusion that the condition of Delaware Avenue prior to repair posed a serious threat to the safety of the public. In fact, the affidavit of Penn Central's senior civil engineer, which is uncontroverted on the record, makes it clear that the Delaware Avenue repairs were nothing more than routine maintenance work on a municipal highway:

"[T]his project involved the reconstruction and repaving of Delaware Avenue between Oregon Avenue and the Walt Whitman Bridge. Curbs and sidewalks were installed along Delaware Avenue abutting property owned or leased by Penn Central Transportation Company. The improvements were made in an area in which there is no pedestrian traffic, and it is my opinion that the Penn Central would not have initiated or undertaken such work in the normal course of business. I am also of the opinion that the project was then and now is in no way of benefit to the estate of the Debtor."

In light of the foregoing, I conclude that the Delaware Avenue repair project does not fall within the "extraordinary circumstances" exception to Paragraph 3(A) of Order No. 1, and therefore, there is no reason for this Court's interference with the Trustees' decision not to satisfy the state court judgment at this time. Had this controversy

1. In his affidavit, Paul Neff, the Debtor's Director of Property Accounting and Special Projects, states that instructions were issued on August 24, 1970, that assessments and other governmental charges were not to be paid pursuant to the authority conferred by Paragraph 3(A) of Order No. 1. It appears that these instructions have been followed, with the exception of a few isolated incidents in which payments of a similar nature were made inadvertently.

arisen in the normal course, that is by the City of Philadelphia petitioning this Court for an order directing the Trustees to make the Delaware Avenue repairs, the provisions of § 77(c)(2) would have been directly applicable, and the result reached by this Court would have been the same. A municipality cannot avoid the restrictions inherent in § 77(c)(2) by contracting out the repair work, and then issuing municipal liens to the Use-Plaintiff.

Although the present petition must be denied for the reasons expressed above, it should be noted that the effect of this order is only to defer satisfaction of the outstanding judgment, not to avoid payment altogether. In this respect, the present claim against the estate is similar to other deferred administration claims such as taxes and leased line rentals. The petitioner has presented no set of facts which warrant giving him special consideration over other creditors similarly situated.

The petition will therefore be denied.

